# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | |
|---|---|
| FRANKLIN HARRISON, Individually and for Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>TFE, INC.,<br><br>Defendant. | Case No.  1:22-cv-3146-SAL<br><br>Jury Trial Demanded<br><br>Collective Action |

## ORIGINAL COMPLAINT

### SUMMARY

1.  Franklin Harrison (Harrison) brings this collective action to recover unpaid overtime wages and other damages from TFE, Inc. (TFE) for himself and all others similarly situated under the Fair Labor Standards Act (FLSA).

2.  Harrison worked for TFE as a Superintendent.

3.  Harrison and the Putative Class Members (as defined below) regularly worked more than 40 hours a week.

4.  But the Putative Class Members never received time and a half overtime for hours worked in excess of 40 hours in a single workweek.

5.  Instead of receiving overtime as required by the FLSA, TFE paid Harrison and the Putative Class Members straight time for overtime.

6.  Harrison and the Putative Class Members were not paid a guaranteed salary.

7.  Harrison and the Putative Class Members were also required to work off the clock.

8. Harrison and the Putative Class Members were required to take daily COVID-19 screenings at the facility, which were unpaid.

9. This collective action seeks to recover the unpaid overtime wages and other damages owed to these workers.

## JURISDICTION AND VENUE

10. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

11. The Court has federal jurisdiction pursuant to 28 U.S.C. § 1332(c) because TFE has its principal place of business in this District.

12. Venue is proper in this Court pursuant to 28 U.S.C § 1391(b) because a substantial part of the events or omissions giving rise to this claim occurred in this District.

13. TFE is headquartered in North Augusta, South Carolina, in this District and Division.

## THE PARTIES

14. Harrison started working for TFE in February 2020.

15. Throughout his employment with Defendant, Harrison was paid an hourly rate for all hours worked with no (time and a half) overtime compensation.

16. Harrison's consent to be a party plaintiff is attached as Exhibit 1.

17. Harrison brings this action on behalf of himself and all other similarly situated employees who were paid straight time for overtime.

18. Each of these workers was paid hourly and did not receive time and a half overtime for hours worked in excess of 40 in a workweek in accordance with the FLSA.

19. Harrison seeks to represent two sets of putative classes.

20. The putative classes under the FLSA of similarity situated employees sought to be certified is defined as follows:

> **All current and former employees of TFE who were paid straight time for overtime within the last three (3) years (Straight Time Class Members).**
>
> **All current and former employees of TFE who were unpaid for daily COVID testing while on the jobsite. (Off the Clock Class Members).**

21. The Straight Time Class Members and the Off the Clock Class Members are referred to as the Putative Class Members.

22. The Putative Class Members are easily ascertainable from TFE's business and personnel records.

23. TFE is a South Carolina corporation and may be served with process by serving its registered agent, Corporation Service Company: 1114 Ridgecrest Avenue, North Augusta, SC, 29841.

## COVERAGE UNDER THE FLSA

24. At all times hereinafter mentioned, TFE has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

25. At all times hereinafter mentioned, TFE has been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

26. At all times hereinafter mentioned, TFE has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials – such as computers, cell phones, and office supplies - that have been moved in or produced for commerce by any person and in that TFE have had and have an annual gross volume of sales made or business done of not less than $1,000,000.

27. At all times hereinafter mentioned, Harrison and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

**FACTS**

28.     TFE is a supplier of professional, technical, and administrative personnel to the nuclear industry throughout the United States, including South Carolina.



29.     Harrison was staffed by TFE to the Oak Ridge Nuclear Facility in Tennessee.

30.     Harrison worked for TFE as a Superintendent.

31.     As a Superintendent, Harrison was responsible for supervising labor and resolving issues at the nuclear facility.

32.     Harrison started working for TFE in February 2020.

33.     Throughout his employment with TFE, TFE paid Harrison hourly.

34.     Throughout his employment with TFE, TFE paid Harrison straight time for overtime.

35.     Throughout his employment with TFE, Harrison was not paid a guaranteed salary.

36. For example, TFE would make partial day deductions from Harrison's daily work.

37. If Harrison did not work in a week, he would not have been paid by TFE.

38. If Harrison worked under 40 hours, he was only paid for the hours that he worked.

39. For example, in the one week period ending on April 3, 2022, Harrison worked 33 hours and was only paid for those hours.

40. These so-called exempt employees were paid an hourly rate for each day worked without any overtime pay for hours that they worked in excess of 40 hours in a workweek.

41. This is true even though Harrison and Putative Class Members work over 60 hours a week.

42. For example, during the workweek ending on March 31, 2021, Harrison worked 66 hours and was paid his straight time rate for all 66 hours.

43. TFE keeps accurate records of the hours its employees' work.

44. Harrison and Putative Class Members work in accordance with the schedule set by TFE.

45. Harrison's work schedule is typical of the Putative Class Members.

46. While the exact job titles and job duties may differ, the Putative Class Members are and were subjected to the same or similar illegal pay practices for similar work.

47. TFE requires Harrison and the Putative Class Members to follow TFE's and its clients' policies and procedures.

48. Part of these policies and procedures required Harrison and the Putative Class Members to undergo daily COVID-19 screenings.

49. In 2020 and part of 2021, Harrison and the Putative Class Members were not compensated for these screenings even though they were conducted onsite.

50. The COVID-19 screenings lasted roughly 15 minutes daily.

51. Harrison and the Putative Class Members were not compensated for this time.

52. Harrison's and Putative Class Members' work must adhere to the quality standards put in place by TFE and its clients.

53. Harrison and Putative Class Members performed similar duties, including the maintenance and operations at nuclear facilities.

54. TFE classified these workers as exempt when they should have been treated as non-exempt (paid hourly and at time and a half for overtime) under FLSA.

55. Harrison and the Putative Class Members were non-exempt because TFE did not pay them on a salary basis.

56. Because the salary basis test is a prerequisite to any white-collar exemption (administrative, executive, professional, or highly compensated) of the FLSA's overtime requirements, TFE cannot satisfy its burden to apply any potentially applicable overtime exemption.

57. Instead of paying time and a half overtime, TFE paid Harrison and the Putative Class Members hourly and straight time for overtime.

58. TFE knew about the FLSA's overtime requirements.

59. TFE knew that Harrison and Putative Class Members worked more than 40 hours a week.

60. TFE knew that Harrison and the Putative Class Members were required to undergo COVID-19 screening off the clock.

61. TFE did not investigate or audit whether it paid Harrison and the Putative Class Members on a salary basis.

62. TFE did not investigate or audit whether it was required to pay for the time it took to screen Harrison and the Putative Class Members for COVID-19.

63. TFE's failure to pay overtime to Harrison and Putative Class Members was, and is, a willful violation of the FLSA.

64. Harrison and Putative Class Members worked for TFE in the past three years throughout the United States, including in South Carolina.

65. As a result of TFE's pay policies, Harrison and Putative Class Members were denied the overtime pay required by federal law.

66. As a result of TFE's policies, Harrison and the Putative Class Members were required to work off the clock and are owed unpaid wages.

67. Because Harrison and Putative Class Members were misclassified as exempt employees by TFE, they should receive time and a half overtime for all hours that they worked in excess of 40 hours in each workweek.

## COLLECTIVE ACTION ALLEGATIONS

68. Harrison incorporates the preceding paragraphs.

69. Harrison brings his claim under FLSA as a collective action.

70. Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA.

71. Numerous other individuals who worked with Harrison indicated they were improperly classified as exempt employees, paid in the same manner, performed similar work, and were not properly compensated for all hours worked as required by federal wage laws.

72. Numerous other individuals who worked with Harrison were required to undergo screenings off the clock.

73. Other Putative Class Members worked with Harrison, and regardless of their precise job title, their job duties were to perform the on-site work in accordance with TFE's policies, procedures, and regulations.

74. Harrison and Putative Class Members are similarly situated in all relevant respects.

75. Even if their precise job duties varied somewhat, the differences do not matter for the purpose of determining their entitlement to overtime.

76. Harrison and Putative Class Members were all paid straight time for overtime and worked off the clock.

77. TFE's failure to pay wages and overtime compensation at the rates required by federal law results from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Putative Class Members.

78. The specific job titles or precise job locations of the Putative Class Members do not prevent collective treatment.

79. Absent this action, many Putative Class Members likely will not obtain redress of their injuries and TFE will reap the unjust benefits of violating the FLSA.

80. Furthermore, even if some of the Putative Class Members could afford individual litigation against TFE, it would be unduly burdensome to the judicial system.

81. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

82. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective treatment.

83. The questions of law and fact that are common to each Putative Class Member predominate over any questions affecting solely the individual members.

84. Among the common questions of law and fact are:

   a. Whether TFE's decision to pay an hourly rate with no overtime compensation violated the FLSA;

  b. Whether TFE made unlawful deductions to Harrison and the Putative Class Members' compensation;

  c. Whether TFE paid Harrison and the Putative Class Members on a salary basis;

  d. Whether TFE's decision to pay hourly with no overtime compensation to these workers was made in good faith;

  e. Whether TFE required Harrison and the Putative Class Members to work off the clock to undergo COVID-19 screenings; and

  f. Whether TFE's illegal pay practice applied to all Class Members.

85. Harrison and Putative Class Members sustained damages arising out of TFE's illegal compensation policy.

86. Harrison knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective action.

87. TFE is liable under the FLSA for failing to pay overtime to Harrison and the Putative Class Members.

88. As part of their regular business, practices, TFE intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Harrison and the Putative Class Members.

89. TFE was aware, or should have been aware, that the FLSA required them to pay Harrison and the Class Members overtime for all hours worked in excess of 40 hours per workweek.

## CAUSE OF ACTION - FLSA VIOLATION

90. As set forth herein, TFE has violated, and is violating, Section 7 of the FLSA, 29 U.S.C. § 207, by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without

compensating such employees for their employment in excess of forty (40) hours per week at rates no less than 1 and ½ times the regular rates for which they were employed.

91. TFE knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Harrison and the Putative Class Members overtime compensation.

92. TFE knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Harrison and the Putative Class Members for their off the clock work.

93. TFE's failure to pay overtime compensation to these employees was neither reasonable nor was the decision not to pay for all hours worked or overtime made in good faith.

94. Accordingly, Harrison and all those who are similarly situated are entitled to overtime wages under the FLSA in an amount equal to 1 and ½ times their rate of pay, and wages for their unpaid off the clock work related to daily COVID-19 screenings, plus liquidated damages, attorney's fees, and costs.

## JURY DEMAND

95. Harrison demands a trial by jury.

## RELIEF SOUGHT

96. WHEREFORE, Harrison prays for judgment against TFE as follows:

   a. For an Order certifying the collective pursuant to FLSA, and directing notice to the Putative Class Members;

   b. For an Order pursuant to FLSA finding TFE liable for unpaid back wages due to Harrison and all the Putative Class Members;

   c. For an Order awarding attorney fees, costs, penalties, and pre- and post-judgement interest at the highest rates allowed by law; and

   d. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: /s/ *T. Christopher Tuck*
T. Christopher Tuck, Esq., ID No. 9135
T.A.C. Hargrove, II, Esq., ID No. 12487
ctuck@rpwb.com
thargrove@rpwb.com
**ROGERS, PATRICK, WESTBROOK & BRICKMAN, LLC**
1037 Chuck Dawley Blvd. Building A
Mt. Pleasant, SC 29464
Telephone: (843) 727-6500
Facsimile: (843) 216-6509

**Michael A. Josephson**
State Bar No. 24014780
**Andrew W. Dunlap**
State Bar No. 24078444
**Richard M. Schreiber**
State Bar No. 24056278
**JOSEPHSON DUNLAP, LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com
rschreiber@mybackwages.com

**AND**

**Richard J. (Rex) Burch**
State Bar No. 24001807
**BRUCKNER BURCH, PLLC**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF**